IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GEORGE CURRY HUDSON,**

       **Plaintiff,**

**vs.**                                          **5:04CV133-SPM/AK**

**MONICA WETZEL, et al,**

       **Defendants .**

       _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging due process violations by Defendants related to a disciplinary hearing. (Doc. 15). Plaintiff was advised by previous order that his disagreement with the findings of the disciplinary committee was insufficient to state a claim and that only specific procedural problems with the disciplinary proceeding would state such a claim. (Doc. 10). After considerable delay, Plaintiff filed an amended complaint wherein Plaintiff complains that Defendant Dennis Hayes wrote a false incident report about Plaintiff's possession of a typewriter ribbon and Defendant Davis found Plaintiff guilty and took his job at Unicor from him. (Doc. 15). He claims that Defendant

Kendall told him he better have a receipt for the ribbon, which Plaintiff claims he provided to the Warden, who in turn kept it for several weeks and months.  It is not clear what Plaintiff claims Defendant Wetzel did.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Eleventh Circuit has interpreted a recent Supreme Court case to foreclose all claims challenging a disciplinary proceeding unless they are "purely

procedural, as in Wolff...."    Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997); Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff, 418 U.S. at 563; Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff has not alleged that any of these recognized procedural defects occurred with regard to his disciplinary hearing.  His primary complaint is that he disagreed with the findings of the disciplinary committee.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** at Gainesville, Florida, this **16th**   day of May, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

4